Bigelow, J.
No part of the law of evidence is more clearly
settled, than the rule that the contents of lost records may be proved by parol. In this respect, they stand on the same footing with all other documents, and may be proved by secondary evidence. 1 Greenl. Ev. § 509; Roscoe Crim. Ev. 11, 12; Sayles v. Briggs, 4 Met. 421. The argument, that the admission of parol evidence for such a purpose would often be attended with dangerous consequences, especially in a case like the present, where the change of a word might affect the validity of a warrant, is an objection which might well be urged to its weight, but cannot be considered in judging of *213 its competency. In the present case, the proof of the loss of the warrant was full and satisfactory, and the secondary evidence was rightly admitted.
Nor was it necessary that the witnesses to the contents of the warrant should testify to them verbatim. The rule requiring proof of the exact words sworn to by a deceased witness at a former trial stands upon its own peculiar reasons, and is not at all applicable to this case, which comes within the familiar principles regulating the admission of secondary evidence.
The next exception is founded on the objection, that the first warrant having been abandoned and a new one issued on which the party was arrested, the first warrant was thereby rendered invalid; so that the officer in making the first arrest became a trespasser ab initio, and therefore the defendant in this case was not liable for hindering him in the discharge of his duty. But this objection proceeds on an entire misapprehension. An officer does not become a trespasser ab initio unless he fails to perform some part of his duty. In this case, there was no such failure on the part of the officer in regard to the first warrant. He duly served the process, carried the party before the magistrate and made return of his warrant. Here his duty ceased. He had obeyed his precept by duly serving and returning it, and this was all he could by law do. If, after the return of the warrant by the officer to the police court, the prisoner was discharged from custody on it and a new warrant issued, that was the act of others for which the officer was not responsible. The case of Tubbs v. Tukey, 3 Cush. 438, cited by the defendant’s counsel, bears no resemblance to the case at bar. There the officer was held a trespasser ab initio because he did not serve and return his warrant according to its precept, which was done by the officer in this case. The exception on this point, therefore, cannot be sustained.
The remaining exception raises a more important question The warrant, on which the arrest was made, was issued by a justice of the peace for the county, and made returnable before the police court of Lowell. It is contended that the magis *214 trate had no power, under the statutes relating to this subject, to issue the warrant. This depends on the construction to be given to the St. of 1848, c. 331, § 4, by which “ exclusive jurisdiction of the crimes and offences committed within the district of Lowell, shall be vested in said police court, to be exercised according to the laws of the commonwealth.” If this section of the statute stood alone, we should be inclined to the opinion that the position taken by the defendant was correct. But in order to give it a proper construction, it is necessary to take into consideration the previous statutes on the same subject. By the St. of 1833, c. 64, § 2, establishing the police court in Lowell, it was provided that all warrants issued by any justice within that town should be made returnable and be returned before said court. A similar provision was embodied in Rev. Sts. c. 87, § 33, and made applicable to the several police courts then established in different parts of the commonwealth out of the limits of the county of Suffolk; and in the same chapter, § 5, a like provision was made applicable to the police court in the city of Boston. So the law stood, when the act of 1848, c. 331, relating only to the police court in Lowell, was passed. But in the mean time the case of Commonwealth v. Pindar, 11 Met. 539, was decided, in which it was held that the police court of Lowell had no exclusive jurisdiction to hear and try complaints for offences committed within that city, but only a jurisdiction concurrent with that of any justices of the peace within the county of Middlesex, residing out of the city of Lowell. From this view of the statutes, taken in connection with the decision in Pindar’s case, we are led to believe that the single purpose of § 4 of St. 1848, c. 331, was to change the law as settled by this case, and to take away the power of justices of the peace for the county, residing out of the city of Lowell, to hear and try offences committed within the city; but that it was not intended by this section to affect or abridge the power of magistrates in issuing warrants as provided by previous statutes. The policy of the legislature in all these acts, seems to have been to give to magistrates the power to issue warrants returnable before police courts in all cases, even in those which they *215 had no power to hear and try. This was done for public convenience and to secure the speedy arrest of offenders. The construction of the St. of 1848, c. 331, § 4, contended for by the defendant, would contravene this policy, and place the police court of Lowell on a different footing in this respect from all other courts of a similar character in the commonwealth. While, on the other hand, if it be held applicable only to the power to hear and try complaints, and not to receiving them and issuing warrants, the statute would have full effect, without breaking in upon a system, which would otherwise be uniform.
Besides; the mere power to receive complaints and issue warrants, without any right or authority to hear or try the parties, cannot be considered an exercise of jurisdiction on the part of a magistrate. It partakes more of a ministerial than of a judicial character. It is laid down in 2 Hawk. c. 13, § 20, that where a warrant is issued for the arrest of one guilty of an offence, not cognizable by the justice who issues it, the justice may be considered as acting ministerially. See also Pearce v. Atwood, 13 Mass. 324, 342. In this view, it is clear that the St. of 1848, c. 331, § 4, conferring exclusive jurisdiction on the police court of Lowell, does not annul the power of justices to issue warrants returnable before the police court, as provided by former statutes; because, not being an exercise of jurisdiction, it does not come within the terms of the statute. The warrant in this case, therefore, was rightly issued.

Exceptions overruled.