## EBENEZER R. ESTABROOK *vs.* WILLIS SMITH.

It is no breach of the covenant against incumbrances, that the grantor holds the land upon condition to erect a dwelling-house thereon within a certain time.

By a deed of land, containing a covenant against all incumbrances except a certain mortgage to a third person, followed by a general covenant of warranty, the mortgage is not excepted from the covenant of warranty.

A claim of a paramount title under a mortgage, with a threat of eviction if the amount due on the mortgage be not paid, constitutes a breach of the covenant to warrant and defend.

In an action on a breach of the covenant to warrant and defend, by eviction under a mortgage, the plaintiff may recover the whole amount of the mortgage, if paid before judgment, although paid after he has conveyed away the estate to one who assumed, as part of the consideration of that conveyance, to pay part of the mortgage.

Evidence that no consideration was actually paid for the deed is inadmissible in reduction of damages in an action on the covenant of warranty.

ACTION OF CONTRACT on the covenants in a deed from the defendant to the plaintiff, dated May 13th 1853, and expressed to be in consideration of the sum of $600, of a tract of land in Worcester, described by metes and bounds, and as being the same conveyed to the defendant by deed from Chester Hubbard, dated May 19th 1852.

The covenants in the deed declared on were in these words: "And I do, for myself, my heirs, executors and administrators,

covenant with the said E. R. Estabrook, his heirs and assigns, that I am lawfully seised in fee of the aforegranted premises; that they are free of all incumbrances, except a mortgage to Spencer Field for three hundred and sixty eight dollars and eighty five cents; that I have good right to sell and convey the same to E. R. Estabrook; and that I will and my heirs shall warrant and defend the same premises to the said E. R. Estabrook, his heirs and assigns, forever, against the lawful claims and demands of all persons."

The declaration contained two counts, the first of which averred, as a breach of the covenant against incumbrances, that the premises described were subject to a condition in the deed from Hubbard to the defendant, namely, that a dwelling-house should be erected thereon within one year from the date of that deed; and the second set forth, as a breach of the covenant of warranty, that the plaintiff had been compelled to pay off Field's mortgage. Writ dated August 15th 1855.

At the trial in the court of common pleas, at March term 1856, before *Mellen,* C. J., the defendant admitted the making of the deed declared on. The following facts were also admitted: The deed from Hubbard to the defendant contained, between the description of the premises and the habendum, this clause: "This conveyance is made on condition that a dwelling-house shall be erected on said granted premises within one year from the date hereof." The house therein mentioned was erected within said year, but not until after the date of the deed declared on. At the time of the making of the deed declared on, there was a mortgage on the premises, made by the defendant to Chester Hubbard, and by him assigned to Spencer Field, to secure the payment of a note, dated May 19th 1852, for $368.85, payable "fifty dollars April 1st 1854, one hundred dollars April 1st 1855, and the balance April 1st 1856, with interest on the first of April in each year."

The plaintiff, to show a right to recover on the covenant of warranty, called John Field as a witness, who testified "that he was the agent of Spencer Field, and, having in his hand the note and mortgage, called on Smith for payment of the interest

on said note at the time, or just before, the first instalment fell due; that, very soon after that, Estabrook called on him, at his office, about a mile from the premises, and told him the interest would be paid; that he then told Estabrook that his instructions were, if the interest and payments were not made when they became due, a suit for possession would be commenced; that Estabrook said the money would be paid, and soon after, on or about the 1st of April 1854, called at his office, and paid him one year's interest on said note, and fifty dollars of the principal; that Estabrook paid him on the 1st of April 1855 one hundred dollars on said note; and that the balance thereof ($231.98) was paid him by Estabrook on the 4th of April 1856, the day before the trial."

The defendant then offered evidence tending to prove "that, at the time he made the deed declared on, it was agreed between him and the plaintiff, that the plaintiff and his mother should furnish him with money to enable him to erect said dwelling-house on the premises; and take a deed of the premises as they then were, or hold the same as security for such money as might be so advanced; and, when the house was erected, the plaintiff might sell the premises, if the defendant did not repay him, and reimburse himself and his mother the money so advanced; that the deed was accordingly made, and the house erected, towards which the defendant furnished labor and materials to a considerable amount, and that, after the erection of the house, namely, on the 13th of April 1854, the plaintiff sold the estate to one Barrows, and that the existence and amount of said mortgage were known to the plaintiff when he took the deed, and he was by agreement to take the premises subject to said mortgage; that no other consideration was paid by the plaintiff to the defendant for said deed; and that, when the plaintiff sold the estate, he received therefrom more than enough to reimburse himself and his mother for the moneys advanced and to satisfy said mortgage debt." But this evidence was objected to by the plaintiff, and rejected.

The defendant then put into the case the deed from the plaintiff to Barrows, dated April 13th 1854, expressed to be in

consideration of the sum of $2,500, and containing a covenant against all incumbrances, except said mortgage, " of which said Barrows agrees to pay two hundred and sixty eight dollars and eighty five cents, and cause to be discharged, and he and his heirs and assigns are to hold said premises in trust for the pay ment of said mortgage; " and a general covenant of warranty.

The defendant requested the judge to instruct the jury that, upon this evidence, there was no breach of either of the covenants declared upon ; and that, if the plaintiff was entitled tc recover any thing under the covenant of warranty, he could recover only for so much as he paid before his conveyance to Barrows.

But the judge ruled, and instructed the jury, that the facts admitted showed a breach of the covenant against incumbrances, for which the plaintiff was entitled to recover nominal damages ; and that the testimony of John Field, if true, showed a breach of the covenant of warranty, for which the plaintiff was entitled to recover the full amount of the mortgage, having paid it before the trial. The defendant thereupon submitted to a verdict for the plaintiff, and alleged exceptions.

*E. Washburn,* for the defendant. 1. By the erection of the dwelling-house within the year, the condition in the deed from Hubbard to the defendant was saved, and the plaintiff has no right of action on account of it. 1 Cruise Dig. tit. 2, *c.* 1, § 5. 2 Cruise Dig. tit. 13, *c.* 2, § 18.

2. The exception as to the mortgage extended as well to the covenant of warranty, as to the covenant against incumbrances.

3. If the covenant of warranty is not to be so limited, still it has not been broken, for the plaintiff was never evicted, nor suffered anything tantamount to an eviction. *Sprague* v. *Baker,* 17 Mass. 590.

4. If the defendant is liable on the covenant of warranty, the plaintiff can only recover the amount actually paid by him before his conveyance to Barrows, and cannot recover the amount which Barrows assumed to pay. *Wheeler* v. *Sohier,* 3 Cush. 219

5. The evidence offered to show that there was no considera-tion for the deed should have been admitted in reduction of damages. *Wilkinson* v. *Scott,* 17 Mass. 257. *Cornell* v. *Jackson,* 3 Cush. 510. *Leland* v. *Stone,* 10 Mass. 461.

*D. Foster,* for the plaintiff. 1. The existence, at the date of the deed, of the condition to build a dwelling-house within a year, on pain of forfeiture, lessened the value of the estate, and made it not an absolute estate in fee, and is a breach of the covenant against incumbrances.

2. The exception of the mortgage to Field is limited to the covenant against incumbrances, and does not apply to the covenant of warranty. By Sewall, J. in *Sumner* v. *Williams,* 8 Mass. 202. *White* v. *Whitney,* 3 Met. 82. *Donahoe* v. *Emery,* 9 Met. 63. *Bemis* v. *Smith,* 10 Met. 198.

3. The testimony of Field showed an eviction under the covenant of warranty. *Sprague* v. *Baker,* 17 Mass. 590. *White* v. *Whitney,* 3 Met. 88. *Whitney* v. *Dinsmore,* 6 Cush. 128.

4. The measure of damages under a covenant to warrant and defend is either the value of the land at the time of eviction, or when (as in this case) the eviction is under a mortgage of less amount than the value of the land, then, and in favor of the grantor, the amount necessary to be paid, or which is paid before judgment, to extinguish it. The eviction fixes the amount of the damages, and the subsequent assignment of the estate cannot reduce the damages, provided the plaintiff pays off the mortgage before judgment. *Tufts* v. *Adams,* 8 Pick. 549.

5. This being a breach of the covenant to warrant and defend, and not of the covenant of seisin, the measure of damages does not depend upon the amount of the consideration; and the evidence offered was therefore properly rejected. *Gore* v. *Brazier,* 3 Mass. 545. *Howe* v. *Walker,* 4 Gray, 318.

METCALF, J. The court are of opinion that the plaintiff cannot maintain this action on the covenant against incumbrances. The condition as to the erection of a house made the estate defeasible; but this was not an incumbrance within the legal meaning of the covenant against incumbrances; nor has the estate been defeated by breach of that condition.

This action can be maintained, if at all, only on the covenant of warranty. To maintain an action on that covenant, the plaintiff must show an eviction, or what is tantamount to an eviction. And this is shown by the facts. The plaintiff paid a mortgage on the land, against which he could not make any legal defence, and thus bought in a paramount right, for the purpose of preventing an actual eviction. This entitles him to an action on the covenant of warranty, unless that covenant is to be restricted in the manner insisted on by the defendant. *Whitney* v. *Dinsmore*, 6 Cush. 128, 129, and cases there cited.

The defendant insists that the exception of the mortgage, in the covenant against incumbrances, extends to the covenant of warranty; so that the plaintiff's claim is excepted from the latter covenant against the lawful claims of all persons, just as it would have been, if to that covenant, as it stands in the deed, had been added the words, "except against those claiming under the mortgage above named."

The question, how far and in what instances words of restriction or qualification, annexed to one covenant in a deed conveying real estate, are to be extended to other covenants therein, was discussed by Parker, J. in *Sumner* v. *Williams*, 8 Mass. 214; and the adjudged cases have since been fully collected and compared in Sugden on Vendors, *c.* 14, § 3, Platt on Covenants, *c.* 11, § 7, and Rawle on Covenants, *c.* 10. It would therefore be a superfluous labor, in this case, to comment on those numerous decisions, and the distinctions between them.

We need do no more than to state the ground of the opinion which we have formed, that the defendant's covenant of warranty is not restricted nor limited by his restricted covenant against incumbrances. That ground is, that the two covenants are not connected covenants, of the same import, and directed to one and the same object. This point was adverted to by Sewall, J. in *Sumner* v. *Williams*, 8 Mass. 202, 203, and in some of the earliest English decisions on this subject, and is illustrated and applied in the case of *Howell* v. *Richards*, 11 East, 633. There it was decided that the covenants for good title, and for right to convey, "notwithstanding any act done by the

grantors," did not restrain nor qualify the succeeding covenant for quiet enjoyment, "without the lawful let or disturbance of the grantors, or their heirs or assigns, or of any other person or persons whatsoever." We refer to the whole of Lord Ellenborough's opinion, quoting only the following passages : " The covenant for title, and the covenant for right to convey, are connected covenants, generally of the same import and effect, and directed to one and the same object; and the qualifying language of the one may therefore properly enough be considered as virtually transferred to and included in the other of them. But the covenant for quiet enjoyment is of a materially different import, and directed to a distinct object." " And it is perfectly consistent with reason and good sense, that a cautious grantor should stipulate in a more restrained and limited manner for the particular description of title which he purports to convey, than for quiet enjoyment." " He may very readily take upon him an indemnity against an event which he considers as next to impossible, whilst he chooses to avoid a responsibility for the strict legal perfection of his title to the estate, in case it should be found at any future period to have been liable to some exception at the time of his conveyance. He may have a moral certainty that the existing imperfections will be effectually removed by the lapse of a short period of time, or by the happening of certain immediately impending or expected events of death or the like. But these imperfections, though cured, so as to obviate any risk of disturbance to the grantees, could never be cured by any subsequent event, so as to save a breach of his covenant for an originally absolute and indefeasible title. The same prudence therefore, which might require the qualification of one of these covenants, might not require the same qualification in the other of them, affected as it is by different considerations, and addressed to a different object." See also _Smith_ v. _Compton_, 3 B. & Ad. 189, and _Kean_ v. _Strong_, 9 Irish Law Rep. 74, 82.

So, in the case at bar, the defendant might well covenant to warrant against the eviction of the plaintiff by the holder of the mortgage, though he could not covenant against all incum

brances, without rendering himself forthwith liable to an action, for nominal damages at least, for breach of such covenant. And by the terms of his deed he has covenanted against the eviction to which the plaintiff has been subjected. If, as the defendant offered to prove at the trial, the plaintiff agreed " to take the premises subject to said mortgage," then that agreement should have appeared, in some way, in the deed, or in some other written instrument. It was as easy to except the claim on the outstanding mortgage from the covenant of warranty, as from the covenant against incumbrances, if such was the understanding of the parties. But nothing is clearer than that the parol evidence, which was offered to control the covenant in the deed, was inadmissible.

The plaintiff is to have judgment for damages to the amount of the mortgage debt and interest thereon. He has been damnified to exactly that amount. *Exceptions overruled.*